## A99A2217. HUNTINGTON v. CITY OF ATLANTA et al.
### (527 SE2d 6)

ELDRIDGE, Judge.

On July 31, 1995, Michael G. Huntington, pro se, sued the City of Atlanta, Mayor Bill Campbell, and Clifford E. Hardwick IV, involving the years 1980 through 1993. In a rambling, confused complaint, Huntington claimed damages for the following: inadequate police services; damage to his asphalt drive and parking area by city garbage trucks at two of his apartment complexes; excess garbage fees; failure of the Bureau of Buildings to timely inspect repairs of code violations; and excess ad valorem tax assessments. The complaint does not name or allege any claim against either Mayor Bill Campbell or Clifford E. Hardwick IV; the only reference to the individual defendants comes in the process for service upon the City of Atlanta. Atlanta and the other defendants answered and filed a motion to dismiss, which the trial court granted. Because Huntington's complaint fails to set forth a claim entitling him to relief under any state of facts provable at trial, we affirm.

1. Huntington's first enumeration of error is that the trial court erred in dismissing the complaint, because no "special relationship" need exist to sue the City of Atlanta for fraud and corruption.

Huntington complained that the police had not properly responded to or investigated complaints of drug sales and use in and around his apartment complexes. He contended that such drug activity had a harmful effect on the occupancy rate and value of his apartments. He had no complaint of damages flowing from a specific act or omission by the police.

The issue enumerated as error, i.e., special relationship, applies only to liability of a governmental entity for the acts or omissions of the police or similar governmental public safety agency in the performance of its duties to the public. See *Rowe v. Coffey*, 270 Ga. 715, 716 (515 SE2d 375) (1999); *City of Rome v. Jordan*, 263 Ga. 26 (426 SE2d 861) (1993).

[F]ar from creating a general immunity from liability, adoption of the public duty doctrine requiring a special relationship between the injured party and the alleged governmental tortfeasor restricts the liability of the governmental entity for the actions of a third party similarly to the manner in which the liability of a private party is restricted.

Id. at 28. Such special relationship arises when (1) an explicit assurance by promise or action by the municipality to the injured party that it would act on behalf of such party; (2) knowledge by the municipality that inaction would lead to harm to the party; and (3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking. Id. at 29. None of such elements could be proved by Huntington in this case. Further, in regard to the specific acts or omissions complained of either such do not come within "public duty" or no evidence of "fraud and corruption" that could be shown at trial would act as an exception. Therefore, the trial court properly dismissed the action on the grounds of public duty immunity.

2. Huntington's other enumeration of error is moot, because it deals with a continuance to conduct discovery. Since the complaint failed to state a claim upon which relief could be granted, then there would be nothing for legal discovery.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 3, 1999.

Michael G. Huntington, *pro se.*
*Kimberly L. Miller, Rosalind A. Rubens*, for appellees.